**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 96-30247**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**BOBBI HOLLOMAN, also known as Bobbi Moseley,**
**also known as Bobbi Hoover,**

**Defendant-Appellant.**

Appeal from the United States District Court
For the Eastern District of Louisiana
(96-CV-345)

November 6, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

**BACKGROUND**

An indictment charged Bobbi Holloman and others with conspiring to manufacture methamphetamine, and with distribution of methamphetamine. Holloman pleaded guilty to a one-count

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

superseding bill of information that charged her with attempted possession with intent to distribute more than 100 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Holloman to 57 months imprisonment and five years supervised release. The court advised Holloman of her right to appeal, to the appointment of counsel, and to a copy of the transcripts.

Approximately three months later, Holloman filed a pro se notice of appeal, stating that her court-appointed counsel never advised her that she had a right to appeal. This Court dismissed the appeal for lack of jurisdiction but stated that Holloman could seek an out-of-time appeal by filing a motion pursuant to 28 U.S.C. § 2255 in the district court.

Through appointed counsel, Holloman filed the instant motion for relief under § 2255, alleging that she had received ineffective assistance at sentencing and on appeal. Holloman argued that trial counsel failed to object to the use of the "d-methamphetamine" standard for computing her base offense level and to request a downward adjustment for her mitigating role in the offense. Holloman also contended that her trial counsel did not advise her of her right to appeal, the applicable time limits, or her right to appointed counsel. Consequently, she argued that she was denied her right to a direct appeal.

In its answer, the Government argued that counsel was not ineffective because there was no rational basis for counsel to have

objected to the basis of the drug or on the basis of Holloman's role in the offense, an offense Holloman herself committed. The Government further argued that Holloman had not alleged that she had asked her attorney to file an appeal. Absent such an allegation, the Government argued, the district court need not consider whether an out-of-time appeal was appropriate.

The district court determined that no evidentiary hearing was required and dismissed the motion. The court determined that Holloman's contention that her counsel was ineffective for failing to object to the basis of the drug was disingenuous and that her contention regarding her role in the offense was precluded by this court's prior precedent. Finally, the court noted that Holloman had not suggested or alleged that she had ever asked trial counsel to file an appeal on her behalf. Because the court had advised Holloman of her right to appeal her sentence and because she had not alleged that she requested an appeal, the court concluded that Holloman had waived her right of appeal and that counsel had not been ineffective in failing to file the notice of appeal.

Holloman filed a motion for reconsideration which included her affidavit in which she attested that:

> Upon completion of my sentencing hearing, I asked my lawyer, John Simmons, "If there was any thing else that could be done?" His reply, to me and my husband (Larry Moseley), was, "No, that's it."

> It was my belief, from this conversation, that he meant that I had no other choice than to accept the Court's decision."

> Mr. Simmons, my attorney, never counseled me as to the fact that I could appeal.

The district court denied the motion for reconsideration, noting that Holloman still had not indicated that she had asked counsel to file an appeal on her behalf.

Holloman timely appealed.

**OPINION**

Holloman argues that her counsel failed to advise her of her right to appeal, the time limits, or her right to appointed counsel. She concedes that she "has never asserted that she specifically asked that an appeal be filed on her behalf," but she contends that her trial counsel never counseled her as to the process and procedures for an appeal. Holloman argues that as a result of her trial counsel's errors, she was denied the opportunity to raise her claim about the type of methamphetamine that should have been used in calculating her sentence.

A criminal defendant has a constitutional right to effective assistance of counsel in her first appeal as of right. See **Evitts v. Lucey**, 469 U.S. 387, 393-95 (1985). The failure of counsel to perfect an appeal upon request of his client may constitute ineffective assistance of counsel. See **United States v. Gipson**, 985 F.2d 212, 215 (5th Cir. 1993). The standard **Strickland v. Washington** ineffective-assistance-of-counsel analysis is not performed when there has been actual or constructive complete

4

denial of any assistance of appellate counsel.  **Sharp v. Puckett**, 930 F.2d 450, 451-52 (5th Cir. 1991) (<u>citing</u> **Penson v. Ohio**, 488 U.S. 75 (1988)).

"In the context of the loss of appellate rights, prejudice occurs where a defendant relies upon his attorney's unprofessional errors, resulting in the denial of his right to appeal." **Gipson**, 985 F.2d at 215.  "If a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish -- as a prerequisite to habeas relief -- that he had some chance of success on appeal." **Id**.  In such cases, prejudice is presumed and neither the **Strickland** prejudice test nor the harmless-error test is appropriate.  **Sharp**, 930 F.2d at 452; but <u>cf</u>. **Gipson**, 985 F.2d at 215-17 (applying a **Strickland** prejudice analysis to the review of a case in which it was established that the convicted defendant informed his retained counsel of his desire to appeal and the attorney failed to perfect an appeal).

An attorney's role "is to provide information on how to appeal and the opportunity to do so. . . .  The Constitution requires that 'the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal.'" **United States v. Faubion**, 19 F.3d 226, 231 (5th Cir. 1994).  A defendant, therefore, is entitled to relief if her court-appointed counsel failed to inform her properly of her appellate rights, including her right to appeal, the

5

procedure and time limits involved, and the right to appointed counsel on appeal. **Gipson**, 985 F.2d at 216-17; **Norris v. Wainwright**, 588 F.2d 130, 134-35 (5th Cir.), cert. denied, 444 U.S. 846 (1979). If the defendant has been informed of her right to appeal by her attorney and does not make known to her attorney her desire to pursue an appeal, she has waived her right to appeal, and a claim of ineffective assistance of counsel will not lie. **Gipson**, 985 F.2d at 216.

A district court may deny a § 2255 motion without a hearing or further proceedings "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." **United States v. Bartholomew**, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case does not demonstrate conclusively that Holloman is not entitled to relief. "[T]his Court's policy has been strongly in favor of the position that a waiver will not be assumed unless the facts clearly support such an assumption." See **Chapman v. United States**, 469 F.2d 634, 637 (5th Cir. 1972) (defendant who waited four years after the judgment of conviction to allege that he had been denied his right to appeal entitled to an evidentiary hearing). Holloman's allegation that counsel failed either to inform her of her appellate rights or to file a notice of appeal was sufficient to trigger the district court's obligation to hold an evidentiary hearing. See **Chapman**, 469 F.2d at 636-37. We vacate the judgment and remand for an evidentiary hearing to

6

determine whether "there has been an actual or constructive complete denial of any assistance of appellate counsel." See **Lombard v. Lynaugh**, 868 F.2d 1475, 1480 (5th Cir. 1989); see **Bartholomew**, 974 F.2d at 41.

We pretermit consideration of Holloman's remaining claims pending a determination on remand whether Holloman is entitled to an out-of-time-appeal. See **Mack v. Smith**, 659 F.2d 23, 26 (5th Cir. 1981).

If Holloman successfully proves her claim on remand, Holloman's judgment of conviction should be reinstated on the district court's docket and the date from which the time for Holloman to file a notice of appeal shall run shall be the date of such reinstatement. See **id**. If the district court determines that Holloman is not entitled to an out-of-time appeal, the court should reinstate its judgment denying Holloman's § 2255 motion.

**VACATED** and **REMANDED**.